IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of A.M. and B.M., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) ) | Case No. 20120231-CA |
| T.S., | ) ) | F I L E D |
| Appellant, | ) ) | (June 7, 2012) |
| v. | ) ) | 2012 UT App 166 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, West Jordan Department, 1054566
The Honorable Elizabeth A. Lindsley

Attorneys:     Richard K. Clark, Salt Lake City, for Appellant
               Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Voros, and Orme.

¶1     T.S. (Mother) appeals the termination of her parental rights. Mother asserts that there was insufficient evidence to support various findings of fact made by the juvenile court. We affirm.

¶2     "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights] 'the result must be against the clear weight of the evidence or leave the

appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 Mother argues that there was insufficient evidence to support the juvenile court's findings that (1) it was not safe to return the children to Mother; (2) Mother was not in substantial compliance with the service plan; and (3) it was in the children's best interests that reunification services be terminated and that permanent custody and guardianship be awarded to the children's father. There was sufficient evidence in the record to support each of these findings.

¶4 First, there was substantial evidence to support the juvenile court's finding that Mother was not in substantial compliance with her service plan. Mother's service plan required her to attend and complete an inpatient drug treatment program. Mother began receiving treatment in an inpatient program. However, she was terminated from the program after violating its rules. As of the date of trial, Mother had not been admitted into any new drug treatment program. Accordingly, Mother was not in compliance with this central requirement of her service plan. Therefore, we cannot say that the juvenile court erred in its determination that Mother was not in substantial compliance with the terms of her service plan.

¶5 Similarly, we cannot say that the juvenile court's findings that it was not safe to return the children to Mother and that it was in the children's best interests to terminate reunification services with her were clearly erroneous. Mother had not completed drug treatment. In fact, she testified that she did not believe that she had a drug problem. As a result, the juvenile court found that Mother "fails to recognize her substance abuse problem or what she needs to be successful." The court also found that Mother did not have the financial means to support the children. Thus, there were substantial

20120231-CA                                           2

questions concerning Mother's ability to adequately care for the children. Furthermore, evidence was presented demonstrating that the children's therapist believed that disturbing the children's current bonds and placement with their father could cause them additional harm and distress. Based upon this and other evidence in the record, there was sufficient evidence to support the juvenile court's findings that it was not safe to return the children to Mother and that it was in their best interests to terminate reunification services.

¶6 Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge